

FILED
APR 28 2008

UNITED STATE DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUNTHERN DIVISION

RICHARD ERIC CRUTCHFIELD
    Plaintiff

8™ JUDICIAL CIRCUIT
CIV-No. 08-4060

Vs.

Complaint

The state of South Dakota,
Officers of the State.
    Deffendents,

I _____ the plaintiff do hereby states, that on April 28 of the year 1996; I was arrested and charge with the crimes of Rape in the first degree, Rape in the third degree, contributing to the Delinquent of a minor, contributing to the delinquent of a minor, sexual contact with a child under the age of sixteen, sexual contact with a child under the age of sixteen.

I was later held on bond for 5,000.00 with no criminal record by the officers of the; State of Beadle County Huron, South Dakota. I was held for 4 months and 15 days without release from imprisonment.

On or Appx. Between June 1- 11 of the year 1996; I was approach by the states prosecuting attorney Mrs. Marry Ann Keller, with the words that she knew that I was innocent but that the judge Jon R. Erickson wanted me. She knew that there were insufficient evidence against me but went on with the case.

I was then pressured into a plea bargain to sexual contact with a minor under the age of sixteen against my Will I had asked for a trail but was denied that Request, this would have had the state show burden of proof To their case my attorney Mr. Gary D. Blue allowed this to happen.

I was sentence on August 20 of the year 1996; before the sentencing I had withdrew my plea from guilty to Not Guilty twice during the hearing and both time Judge Jon R. Erickson denied me the trail and the withdrawal.

On the above date August 20 the year of 1996; I was sent to the South Dakota State Pen for 12 years where I have served my time upon the release of parole beginning the year of 2007-2008. When I was release from parole on March 16, 2008.

Here comes now the plaintiff and says that his constitutional rights were violated by the officers of the state; in regards to representing the state's actions in the proceedings. Violated the plaintiffs state Civil Constitutional Rights of the state of South Dakota, but also the plaintiffs United States Civil Constitutional Rights and his Inherit Civil Rights.

The plaintiff ask this court for Civil Justice in settling this debt owed to him by this state of South Dakota and grant him a hearing were these violations can be bared before the court; at which time the plaintiff will provide evidence to support this complaint here forth.

The plaintiff hereby ask, Demands, and Prays that this court grants him a Jury trail.

I _Richard Eric Crutchfield_, sworn before this court that the above is true to the best of my knowledge.

Signed this 28 day of April, 2008.

                                      Richard Eric Crutchfield
                                      Plaintiff

    c). That the Petitioner's counsel advised the petitioner to accept the so-called plea bargain when there was no evidence to support the original charge.

  5. That the ineffective assistance of counsel deprived the petitioner of his due process rights under the State and U.S. Constitutions.

  WHEREFORE, your Petitioner prays for issuance of a Writ of Habeas Corpus directed to Doug Weber, Warden of the South Dakota State Penitentiary of Sioux Falls, South Dakota, demanding to have the person of this Petition before this Court at a time and place therein to be specified, to do and receive what shall then and there be considered by the Court concerning Petitioner, together with the time and cause of the restraint of the Petitioner and that the Petitioner be restored to his full liberty.

  Dated this ____th day of August, 1999.

                Jerry A. Pollard
                KABEISEMAN & POLLARD
                Attorney for the Petitioner
                1100 Broadway, P.O. Box 837
                Yankton, SD  57078
                (605) 665-5222

1  wasn't any such -- there was no intercourse and Richard
2  realized that this young lady was intoxicated. He didn't
3  take advantage of her. He certainly had several
4  opportunities to and so we would ask the Court for a
5  suspended imposition.
6      The Court can put any conditions on Richard. I've
7  talked with him about it. He said in with regard to the
8  mother's comments about the registration, he said that in
9  light of the charge and in light of his actions, he
10 certainly if the Court chooses not to give a suspended
11 imposition and feels it's important that he do that that
12 then we would ask the Court for a suspended execution, which
13 would then require that he meet all of those registration
14 requirements.
15     I think that in light of the letters that are given
16 and in fact, his lack of a criminal record shows that this
17 was an unfortunate incident he got in the middle of. He
18 certainly realizes that now that he had plenty of
19 opportunities to get out of it, but didn't and that's why he
20 entered the plea.
21     So we're asking the Court for a suspended imposition
22 of sentence or a suspended execution of sentence.
23     Thank you.
24         THE COURT: Mrs. Keller?
25         MRS. KELLER: Your Honor, we've attempted to

STATE OF SOUTH DAKOTA



## OFFICE OF ATTORNEY GENERAL
500 East Capitol Avenue
Pierre, South Dakota 57501-5070
Phone (605) 773-3215
FAX (605) 773-4106
www.state.sd.us/atg

**LARRY LONG**
ATTORNEY GENERAL

**MARK BARNETT**
CHIEF DEPUTY ATTORNEY GENERAL

NOV - 5 2004

November 4, 2004

James A. Eirinberg
Attorney at Law
300 N. Dakota Ave., Ste. 509
Sioux Falls, SD 57104

COPY

Re:  **Richard Eric Crutchfield appeal**

Dear Jim:

After sending you the letter with the attached stipulation this week, I have some egg on my face, since upon reading the transcript more closely, I found the place (page 86 of the habeas corpus hearing of December 22, 2003) where the court actually took judicial notice of the prior habeas and criminal files in this case.  For that reason, we won't be needing the stipulation.

I wanted to call one other thing to your attention, and I do not know if you're aware of it or not.  One of the files of which Judge Tucker took judicial notice was 98-283.  This is the first habeas case, where Jerry Pollard represented the Petitioner Richard Eric Crutchfield.  In that case, the transcript of Crutchfield's interview with the police was admitted as an exhibit, Exhibit 2.  The transcript has a file stamp from the clerk of the court, with the stamp being dated December 20, 1999.

In addition to this transcript, which consists of 25 pages, the tape itself was admitted as State's Exhibit 1 (the transcript is Exhibit 2).  I read through the transcript, but for my own information I also listened to Exhibit 1, the tape.  The tape is a microcassette, with Side A of the cassette and about two-thirds of Side B consisting of the interview that has been transcribed.  I opened the container that the cassette was found in, punched out the erasure tabs to make certain that I would not inadvertently erase the tape, put it in my dictating machine, and began to listen to it.  Upon listening to it, I noted that approximately the first 13 or 14 lines of page 1 of the transcript are no



James A. Eirinberg
November 4, 2004
Page 2


<u>longer contained on the tape.</u> The tape begins with a positive statement from your client that he understands his rights, and then continues with the law enforcement officer asking him questions. The initial information as to <u>Miranda</u> rights, your client's first indication that he understood them, and the law enforcement officer's request that he sign the card, together with some explanation as to the meaning thereof, just don't appear on the tape at this time. Since they are in the transcript, it is my assumption that they originally appeared on the tape. I did not, however, ever listen to the tape until sometime this last Tuesday. That was when I punched out the erasure tabs, listened to the tape, and discovered that this portion of the interview, while recorded in the transcript, is no longer on the tape.

I discussed the matter with the state's attorney, and he was likewise unaware that those lines did not appear on the tape.

You may want to listen to the tape and verify this for yourself, and thereafter take whatever action you believe is appropriate. Since we have a recordation of what was on the tape in the transcript, I am not sure that the absence of these lines from the tape is relevant at this time.

In addition, your client claims that his request for a lawyer came the first time he was informed of his rights, and that his request was never recorded.

The trial court, it would seem, chose to believe testimony from the officer involved about the interview, and also specifically chose to disbelieve your client's testimony that he told the officer that he had requested an attorney. I suppose this is not the only way to view the matter, so I feel an obligation to tell you about this.

Please get back to me if you have any questions or comments.

Sincerely,

*Craig M. Eichstadt*
Craig M. Eichstadt
Deputy Attorney General

CME/dh

## JAMES A. EIRINBERG
Attorney at Law
300 North Dakota Avenue, Suite 509
Sioux Falls, SD 57104
Telephone (605) 334-7997
Fax (605) 334-8145
Email:jeirin@midco.net

January 13, 2006

Mr. Richard Crutchfield
P.O. Box 5911
Sioux Falls, S.D.   57117-5911

    Re: Richard Crutchfield
        Parole Hearing

Dear Richard:

    Richard, I do think you received a way too harsh sentence, and perhaps with better trial counsel you wouldn't have been sentenced to the Penitentiary to begin with.  I do hope that you will be paroled.

    Take care and good luck.

Respectfully,

James A. Eirinberg

JAE/jae